UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:23-cv-00153-MR

| ELIJAH E. PACHECO, | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | ORDER |
| HEATHER WARREN, | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court on initial review of Petitioner's Pro Se Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241 [Doc. 1] and Petitioner's Motion to Proceed in Forma Pauperis [Doc. 2].

**I.    BACKGROUND**

On September 21, 2023, Pro Se Petitioner Elijah E. Pacheco ("Petitioner"), a pretrial detainee currently detained at the Wilkes County Jail in Wilkesboro, North Carolina, filed the instant pro se petition for writ of habeas corpus under 28 U.S.C. § 2241 against Wilkes County Magistrate Heather Warren. [Doc. 1]. He seeks to proceed in forma pauperis. [Doc. 2]. Petitioner challenges pending charges and various aspects of related criminal proceedings in Wilkes County, North Carolina. [See Doc. 1 at 2, 6-7].

Petitioner claims to have appealed the actions he now challenges in several respects. He alleges that his "first appeal" was a civil action he filed with this Court pursuant to 42 U.S.C. § 1983 raising "pretrial punishment [and] failure to procure [him] in court for a first appearance or probable cause hearing."[1] [Id. at 2 (citing Civil Case No. 5:23-cv-00118-GCM)]. Petitioner asserts that, on August 17, 2022, and September 14, 2022, he filed a "second appeal" in that he "raised the issue of [his] detainment being unlawful [at the Wilkes County Courthouse], stating that [he] waived [his] rights, and waived the benefits of the court and that [he] did not consent to being represented." [Id. at 3]. Finally, Petitioner asserts that he filed a "third appeal" on October 31, 2022, when he was indicted without his presence "for this hearing even though [he] reserved [his] rights." [Id.]. For relief, Petitioner seeks immediate release, "injunctive relief of estoppel and forfeiture of this action," and monetary relief. [Id. at 7].

The Court will first address Petitioner's motion to proceed in forma pauperis.

---

[1] In that action, Plaintiff sued several Wilkes County Jail officials, raising claims of lost property, failure to protect, denial of access to the courts, "pretrial punishment," inadequate medical care, "gross neglect for hygiene," excessive force, denial of due process, and "inadequate meal preparation & nutritional deficiency." [Case No. 5:23-cv-118, Doc. 1 at 4-6, 14-17 & Doc. 8 at 2-6]. Plaintiff was directed to amend his Complaint in that action to properly state a claim for relief. [Id., Docs. 12, 13].

2

Case 5:23-cv-00153-MR   Document 3   Filed 11/07/23   Page 2 of 6

## II. IN FORMA PAUPERIS MOTION

Petitioner's affidavit shows that Petitioner has had an average monthly income of $0.00 during the past twelve months and that he expects to receive no income next month. [Doc. 2 at 1-2]. Petitioner reports having no cash, no money in any bank account, no other assets, and that no one relies on him for support. [Id. at 2-3]. Petitioner reports that he has no monthly expenses. [Id. at 4-5]. Petitioner states that he cannot pay the cost of these proceedings because he "[has] been incapacitated from working and [has] suffered much loss as a result of [his] detainment." [Id. at 5]. The Court is satisfied that Petitioner is without sufficient funds to pay the filing fee in this matter. The Court, therefore, will grant Petitioner's motion to proceed in forma pauperis for the limited purpose of the Court's initial review.

## III. STANDARD OF REVIEW

Rule 4 of the Rules Governing Section 2254 Proceedings provides that courts are to promptly examine habeas petitions to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the habeas petition can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

3

Case 5:23-cv-00153-MR   Document 3   Filed 11/07/23   Page 3 of 6

## IV. DISCUSSION

A federal habeas petitioner who is "in custody pursuant to the judgment of a State court," may seek relief pursuant to Title 28, Section 2254(a). A pretrial detainee, however, is not "in custody" pursuant to a state court judgment. Relief under § 2254, therefore is not available. See Dickerson v. Louisiana, 816 F.2d 220 (5th Cir. 1987). A pretrial detainee's exclusive federal remedy for alleged unconstitutional confinement is to file a petition for a writ of habeas corpus under 28 U.S.C. § 2241(c)(3), but only after fully exhausting the available state remedies. See 28 U.S.C. § 2241(c)(3); Thomas v. Crosby, 371 F.3d 782, 786 (11th Cir. 2004). Although § 2241 contains no express reference to exhaustion of state remedies, as does § 2254, exhaustion is required prior to filing a § 2241 petition. See e.g., Braden v. 30th Jud. Cir., 410 U.S. 484, 490-91 (1973); Moore v. DeYoung, 515 F.2d 437, 442-43 (3d Cir. 1975). To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state courts such that the courts have the fair "opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim." Picard v. Connor, 404 U.S. 270, 275-77 (1971); see O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (in order to properly exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking

one complete round of the State's established appellate review process").

Here, Petitioner claims only that he lodged various challenges to his detainment both through a § 1983 action filed in this Court and apparently in open court in the District Court of Wilkes County. As such, despite Petitioner's claims of appeal, he has not alleged having engaged one complete round of North Carolina's established appellate review process. As such, Petitioner failed to exhaust his state remedies before filing this action. Because Petitioner failed to exhaust his state court remedies, this petition is not properly before the Court. The Court will, therefore, will dismiss Petitioner's petition without prejudice.

## V.     CONCLUSION

For the reasons stated herein, Petitioner's § 2241 petition is denied and dismissed without prejudice.

### ORDER

**IT IS THEREFORE ORDERED** that Petitioner's Petition for Writ of Habeas Corpus under § 2241 [Doc. 1] is **DENIED** and **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Proceed in Forma Pauperis [Doc. 2] is **GRANTED**.

The Clerk is directed to terminate this action.

**IT IS SO ORDERED**.

Signed: November 6, 2023

Martin Reidinger
Chief United States District Judge